IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WESTERN RADIO SERVICES            Case No. 6:14-00747-AA
COMPANY, INC.,                       OPINION AND ORDER

        Plaintiff,

      v.

JOHN ALLEN, Deschutes National
Forest Supervisor; KATE KLEIN,
Ochoco National Forest
Supervisor; KEVIN LARKIN, Bend-
Fort Rock District Ranger;
SLATER R. TURNER, Lookout
Mountain/Crooked River National
Grassland District Ranger; RICK
WESSLER, Special Use Permits
(Bend/Fort Rock Ranger District);
LISA DILLEY, Special Use Permits
(Bend/Fort Rock Ranger District);
HEIDI SCOTT, Special Use Permits,
Ochoco National Forest; KAREN
BRAND, Special Use Permits, Ochoco
National Forest; KENT CONNAUGHTON,
Regional Forester; MAUREEN HYZER,
Acting Regional Forester; and
UNITED STATES FOREST SERVICE;

        Defendants.

_____

1     - OPINION AND ORDER

Plaintiff Western Radio Services Company, Inc., (Western Radio) filed suit under the Administrative Procedures Act (APA), 5 U.S.C. § 706, alleging that the United States Forest Service (Forest service) took arbitrary and capricious action and unlawfully withheld action in violation of the National Forest Management Act. 16 U.S.C. § 497. Western Radio also alleges claims against several Forest Service employees for violations of its First Amendment and Equal Protection rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Western Radio's claims arise from ongoing disputes between it and the Forest Service regarding Western Radio's telecommunications facilities on national forest lands. The Forest Service denies Western Radio's claims and asserts counterclaims for trespass and unjust enrichment.

Individual defendants now move for dismissal of Western Radio's Bivens claims, arguing that these claims are not cognizable when based on agency action or inaction reviewable under the APA. Individual defendants also move for sanctions against Western Radio's counsel, arguing that the Bivens claims are frivolous and without legal basis in light of previous Ninth Circuit's rulings against Western Radio.

Additionally, the Forest Service moves for a preliminary injunction requiring Western Radio to remove its equipment and facilities from the Gray Butte telecommunications site. The

Forest Service maintains that Western Radio is no longer authorized to remain at Gray Butte and therefore is in trespass. The Forest Service also contends that Western Radio's presence at Gray Butte irreparably harms other site users as well as the Forest Service's authority to manage forest lands.

The court heard oral argument on March 3, 2015 regarding all three motions. Individual defendants' motion to dismiss is granted, the motion for sanctions is denied, and the Forest Service's motion for preliminary injunction is granted, in part. Finally, the Forest Service's pending motion to compel is granted as set forth below.

<u>**BACKGROUND**</u>

Western Radio is a telecommunications company which operates telecommunication facilities within national forest lands pursuant to permits and leases authorized by the Forest Service. At these telecommunications sites, Western Radio has made improvements to the land and built structures such as telecommunications towers.

Western Radio has a long history of disputes with the Forest Service; Western Radio or its owner, Richard Oberdorfer, has filed suit against the Forest Service and other federal agencies numerous times during the past three decades. <u>See,</u> <u>e.g.,</u> <u>Oberdorfer v. Jewkes</u>, 11-cv-06209-SI, 2012 WL 464026 (D. Or. Feb. 13, 2012), <u>dismissal aff'd</u>, 583 Fed. Appx. 770 (9th

3     - OPINION AND ORDER

Cir. July 24, 2014); W. Radio Servs. Co. v. U.S. Forest Serv., 09-cv-00872-HO (D. Or. 2009), dismissal aff'd, 433 Fed. Appx. 558 (9th Cir.), cert. denied, 132 S. Ct. 555 (2011); W. Radio Servs. Co. v. U.S. Forest Serv., 08-cv-6359-HO, 2010 WL 1169794 (D. Or. Mar. 24, 2010); W. Radio Servs. Co. v. U.S. Forest Serv., 04-cv-1346-AA, 2008 WL 427787 (D. Or. Feb. 12, 2008), dismissal aff'd, 578 F.3d 1116 (9th Cir. 2009), cert. denied, 559 U.S. 1106 (2010); W. Radio Servs. Co., Inc. v. Veneman, 01-cv-6240-HO (D. Or. 2001), dismissal aff'd, 100 Fed Appx. 649 (9th Cir. 2004), 231 Fed. Appx. 684 (9th Cir. 2007); Oberdorfer v. Glickman, 98-cv-1588-HU, 2001 WL 34045732 (D. Or. Sept. 14, 2001); W. Radio Servs. Co., Inc. v. Glickman, 95-cv-0679-MA (D. Or. 1995), dismissal aff'd, 123 F.3d 1189 (9th Cir. 1997); W. Radio Servs. Co., Inc. v. Glickman, 95-cv-6207-TC (D. Or. 1995), dismissal aff'd, 113 F.3d 966 (9th Cir. 1997); W. Radio Servs. Co., Inc. v. Espy, 94-cv-6323-HO (D. Or. 1994); W. Radio Servs. v. Espy, 93-cv-0552-MA (D. Or. 1993), dismissal aff'd, 79 F.3d 896 (9th Cir.), cert. denied, 519 U.S. 822 (1996).

On May 5, 2014, Western Radio filed this action against the Forest Service and several of its employees. Western Radio alleges that the Forest Service delayed action on Western Radio's application to modify its facilities at Sugar Pine Butte and denied a permit for such facilities; rejected Western Radio's applications to renew leases for existing facilities at

4    - OPINION AND ORDER

Round Mountain and Gray Butte and ordered the removal of such facilities; and rejected an application for a relay station facility at South Paulina Peak. Western Radio alleges that the Forest Service's actions were arbitrary and capricious and constituted unreasonable interpretations of its own regulations under the APA. Western Radio also asserts Bivens claims against ten Forest Service employees, alleging that these individual defendants denied Western Radio's applications in retaliation for its prior lawsuits against the agency and singled it out for differential treatment.

Despite the pending legal dispute over Western Radio's Gray Butte facilities, on July 31, 2014, Western Radio entered into a 5-year lease agreement with a third-party tenant, Sureline, Inc. (Sureline). Evans Am. Sec. Decl. Ex. C (doc. 101). Under the terms of the lease, Sureline was allowed to install telecommunications equipment at Western Radio's Gray Butte facility. Shortly thereafter, other site users complained and notified the Forest Service that Western Radio had not provided the required 30-day notice of new frequencies or tenants at the site, and that Sureline's operations caused interference with other, authorized tenants.

On November 13, 2014, the Forest Service was granted leave to amend its answer and allege counterclaims of trespass and unjust enrichment against Western Radio. The Forest Service

5    - OPINION AND ORDER

alleges Western Radio is no longer authorized to operate at Sugar Pine Butte, Gray Butte and Round Mountain, and that Western Radio has not removed its facilities or paid fees to occupy the sites. The Forest Service contends that Western Radio is in trespass, that its structures and improvements are now property of the Forest Service, and that Western Radio owes the Forest Service additional fees. The Forest Service also alleges that Western Radio has unjustly benefited by remaining on Forest Service lands and operating its facilities without authorization or payment of fees.

On December 2 and 17, 2014, defendants moved to dismiss the Bivens claims and for sanctions, and on January 21, 2015, the Forest Service moved for a preliminary injunction and to compel the production of documents.

## DISCUSSION

### A. Individual Defendants' Motion to Dismiss

Individual defendants move for dismissal of Western Radio's Bivens claims against them. Under Bivens, a court may award damages against federal officials for alleged violations of a plaintiff's federal constitutional rights. W. Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000). "However, Bivens remedies are not available to compensate plaintiffs for all constitutional torts committed by federal officials." Id. For example, a Bivens remedy is unavailable when

6    - OPINION AND ORDER

"'Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur' in the course of administering a federal program." Id. (quoting Schweiker v. Chilicky, 487 U.S. 412, 423 (1988)). In this case, defendants argue that Western Radio's Bivens claims are not cognizable because the APA provides an "adequate remedial mechanism" for the agency's alleged action or inaction. I agree. See W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1123 (9th Cir. 2009) ("We therefore conclude that the APA leaves no room for Bivens claims based on agency action or inaction."); see also Wilkie v. Robbins, 551 U.S. 537, 553-54 (2007).

Western Radio alleges Bivens claims in its First and Second Claims for Relief, and those claims specifically rely on the same facts alleged in support of Western Radio's APA claims. Western Radio's Bivens claims allege that in denying Western Radio's applications, individual defendants retaliated against Western Radio based on its previous lawsuits against the agency and "singled out" Western Radio in violation of its First Amendment and Equal Protection rights. Pl.'s Am. Compl. 4-13. Western Radio's APA claims allege that the Forest Service arbitrarily and capriciously delayed or denied Western Radio's applications in violation of the APA. Pl.'s Am. Compl. 14. Further, Western Radio seeks the same injunctive relief with respect to all claims. Id. 12-14. Thus, Western Radio

7    - OPINION AND ORDER

acknowledges that the APA provides an existing process to protect its interests and remedy the Forest Service's allegedly unlawful actions; consequently, its <u>Bivens</u> claims are barred.

In fact, in a previous case I dismissed very similar <u>Bivens</u> claims brought by this very same plaintiff. See <u>W. Radio Servs. Co. v. U.S. Forest Serv.</u>, 2008 WL 427787 (D. Or. Feb. 12, 2008); <u>aff'd</u>, 578 F.3d 1116. There, Western Radio brought <u>Bivens</u> claims against individual Forest Service employees based on the Forest Service's withholding of action on Western Radio's application for sidehill antennas at Gray Butte, allegedly in retaliation for Western Radio's previous lawsuits against the agency. 2008 WL 427787, at *2. I dismissed Western Radio's <u>Bivens</u> claims because the APA afforded a remedy for the Forest Service's alleged failure to act:

> [P]laintiffs complain of delay and inaction on the part of defendants in processing Western Radio's application for sidehill antennas, complaints that the APA was specifically crafted to redress. Thus, the APA provides an alternative and comprehensive remedy to protect plaintiffs' interest in compelling government action - a convincing reason for this court to refrain from crafting a *Bivens* remedy in this case.

<u>Id.</u> at *4 (footnote and citation omitted). On appeal, the Ninth Circuit affirmed:

> In sum, the design of the APA raises the inference that Congress "expected the Judiciary to stay its *Bivens* hand" and provides "a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages," *Wilkie*, 551 U.S at 550, 554, 127 S. Ct. 2588[.] . . . *We therefore*

>    *conclude that the APA leaves no room for Bivens claims*
>    *based on agency action or inaction.*

W. Radio Servs. Co., 578 F.3d at 1123 (emphasis added); see also Oberdorfer v. Jewkes, 583 Fed. Appx. 770, 772 (9th Cir. July 24, 2014) ("[N]o *Bivens* remedy is available for the withholding of a use permit because the Administrative Procedures Act (APA) provides an adequate remedy.").

Western Radio does not discuss or distinguish the Ninth Circuit's decision in Western Radio or explain why its reasoning does not foreclose the specific Bivens claims in this case. Instead, Western Radio asserts three arguments.

First, Western Radio claims that it states plausible Bivens claims under the applicable pleading standard, and that it should be allowed to amend its complaint if the court finds Western Radio insufficiently pled its claims. However, Western Radio has not sought amendment after conferral and in accordance with this Court's local rules. Moreover, Western Radio does not explain what additional facts it would allege or why amendment would not be futile given the availability of APA remedies.

Second, Western Radio argues that this Court and the Ninth Circuit have carved out exceptions to the prohibition against Bivens claims, and that its current Bivens claims fit within these exceptions. Western Radio cites Edgar v. Schmidt, Case No. 09-cv-6376-AA, 2011 WL 5514037 (D. Or. No. 9, 2011) and Martin

9    - OPINION AND ORDER

v. Naval Criminal Investigative Serv., 539 Fed. Appx. 830 (9th Cir. 2013) in support of its argument.

In Edgar, I allowed the plaintiff's Bivens claim to proceed where the government had allegedly destroyed the plaintiff's real and personal property without due process. Notably, however, I vacated my decision and the case ultimately resolved. See 09-cv-6376-AA (doc. 67). Regardless, in Edgar the government conceded that the plaintiff could not have brought APA claims to challenge the destruction of his property and the deprivation of his due process rights; i.e., the plaintiff had no "alternative existing process for protecting [his] interest." Wilkie, 551 U.S. at 550. In contrast, Western Radio does not allege the deprivation of its due process rights arising from the Forest Service's destruction of property pursuant to an unreviewable agency decision.[1] Moreover, Western Radio does not explain why the Forest Service's ultimate decisions in this case are not subject to APA review. Thus, Edgar is completely inapposite and Western Radio's reliance entirely misplaced.

Martin is likewise unavailing. There, the Ninth Circuit recognized a Bivens action against a federal law enforcement officer who allegedly harassed and intimidated the plaintiff in

---

[1] To the contrary, the Forest Service's counterclaims seek to remove Western Radio's property, and Western Radio will receive the process it is due before such action is ordered.

10    - OPINION AND ORDER

retaliation for her constitutionally protected speech. Martin, 539 Fed. Appx. at 832-33. The court distinguished its holding in Western Radio, explaining that the "very gravamen of Ms. Martin's complaint is that the alleged retaliatory 'investigation' of her is pretextual and perpetually open, rendering the APA's provision for judicial review of 'final' agency actions particularly illusory" and thus, unavailable. Id. at 833. Here, Western Radio does not allege an open-ended and pretextual "investigation" of its operations; it alleges discrete, agency actions denying its applications. Thus, neither Edgar nor Martin creates applicable "exceptions" to allow Western Radio's Bivens claims when alternative remedies are available under the APA.

Third, Western Radio emphasizes that its Bivens claims are pled "in the alternative" and will be pursued only if the court finds that Western Radio has no remedy under the APA. However, Western Radio's Bivens claims are the first and second claims for relief alleged in the complaint, and the relief Western Radio seeks is available under the APA. For example, to remedy defendants' alleged retaliation, Western Radio seeks the following injunctive relief:

> a. Sugar Pine Butte – approval of plaintiff's
> application for a replacement tower; renewal of
> plaintiff's permit; an injunction halting the
> processing of other applications which will interfere

with plaintiff's operations; and/or vacating any that have been approved.

b. Renewal of the permits for Gray Butte and Round Mountain, and approval of the modifications to the existing approved towers.

c. Approval of plaintiff's application at South Paulina Peak.

Pl.'s Am. Compl. at 12. Thus, Western Radio's "only-in-the-alternative" assertion rings hollow. Regardless, it is the availability of relief under the APA that bars Western Radio's Bivens claims. W. Radio Servs., 578 F.3d at 1125.

I also find that Western Radio's allegations fail to state a claim for violations of its First Amendment or Equal Protection rights. To establish First Amendment retaliation, Western Radio must show "a substantial causal relationship between the constitutionally protected activity and the adverse action." See Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010). However, Western Radio pleads no specific facts suggesting an individual defendant's malice or retaliatory animus. For example, Western Radio alleges the following:

The Forest Service stated that a decision was "expected" for [the Sugar Pine Butte] application in August 2013, but District Ranger Kevin Larkin placed the project on hold during the summer of 2013.

* * *

In November 2013, Larkin notified plaintiff that the Forest Service would not be issuing a new permit upon the expiration of the permit December 31, 2013.

12    - OPINION AND ORDER

> Plaintiff appealed that decision, and on January 17, 2014, Forest Supervisor John Allen dismissed the appeal, stating that the decision was not appealable.
>
> During this same period of time Larkin and Allen were in the process of approving a new telecommunications facility at Sugar Pine that would interfere with Western's facility.
>
> On February 14, 2014, defendant Larkin signed a notice revoking plaintiff's lease at Sugar Pine.
>
> On June 26, 2014, defendant Allen signed a decision upholding the revocation of plaintiff's lease at Sugar Pine.
>
> On July 23, 2014, defendant Maureen T. Hyzer (as Acting Regional Forester) signed a decision upholding that decision after a discretionary review.

Pl.'s Amend. Compl. 6-7. Allegedly, defendants "Rick Wessler and Lisa Dilley . . . were also involved in the actions and inactions alleged herein regarding Sugar Pine [Butte]," though Western Radio does not specify their involvement. Id. Western Radio asserts similar allegations about its proposals for the Gray Butte, Round Mountain and South Paulina Peak sites. Id. 7-10.

As the Ninth Circuit recently explained, Western Radio's vague and conclusory allegations fail to state Bivens claims:

> Western Radio alleges that the Forest Service advised county officials that its Walker Mountain tower was illegal and caused the Department of Justice to file a federal complaint. But *Western Radio failed to plead facts making it plausible that a retaliatory motive — as opposed to a legitimate concern for the property rights of the government — was the but-for cause of those actions.*

13    - OPINION AND ORDER

> Western Radio's pleadings similarly failed to state a *Bivens* claim under the Equal Protection Clause. The conclusory allegation that "defendants intentionally treated plaintiffs differently from others similarly situated" fails to give the Forest Service fair notice of Western Radio's claim; Western Radio's complaint specifies neither those similarly situated nor the supposed difference in treatment.

*Oberdorfer*, 583 Fed. Appx. at 772 (emphasis added). Similarly, Western Radio here fails to allege facts inferring plausible retaliatory motives as opposed to "legitimate concern for the property rights of the government." Id.

Given the clear and unequivocal holdings of the Ninth Circuit in cases virtually indistinguishable from the one at bar, Western Radio has an adequate remedy under the APA and is precluded from bringing *Bivens* claims against individual defendants. Further, Western Radio fails to allege facts supporting plausible *Bivens* claims. Therefore, individual defendants' motion to dismiss is granted and Western Radio's *Bivens* claims are dismissed with prejudice.

## B. Defendants' Motion for Sanctions

Defendants also move for sanctions in the form of an order reprimanding Western Radio's counsel for filing frivolous *Bivens* claims that are intended to harass the individual defendants.

Rule 11(b) provides that, by presenting a written motion "or later advocating it,"

14    - OPINION AND ORDER

an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b). "The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose." Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then sanctions should not be imposed." Id. (citation omitted).

In response to the motion for sanctions, Western Radio's counsel asserts that the Bivens claims are not frivolous, because some alleged Forest Service actions "have no identifiable 'handles' that can be appealed under the APA." Pl.'s Response to Defs.' Mot. for Sanctions 8. Counsel also relies heavily on the fact that the Bivens claims were alleged "only in the alternative," as if alleging claims "in the alternative" constitutes a shield against Rule 11 liability.

15    - OPINION AND ORDER

Notably, Western Radio fails to specify what agency actions are not reviewable under the APA and why. Given the Ninth Circuit's clear directives in the <u>Western Radio</u> and <u>Oberdorfer</u> decisions, it is difficult to find that Western Radio's <u>Bivens</u> claims in this action are objectively reasonable or "warranted by existing law." Fed. R. Civ. P. 11(b)(2); <u>W. Radio Servs. Co.</u>, 578 F.3d at 1123, 1125; <u>Oberdorfer</u>, 583 Fed. Appx. at 772. As defendants emphasize, Western Radio's counsel has represented Western Radio in every lawsuit in which it has attempted to bring <u>Bivens</u> claims against Forest Service employees. Thus, Western Radio's counsel was on notice that the availability of APA remedies precludes <u>Bivens</u> claims arising from agency action or inaction, and that generalized, conclusory allegations do not state a <u>Bivens</u> claim in any event.

Consequently, I likely would be well within my discretion to reprimand plaintiff's counsel. At the same time, I recognize that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution," and that "such sanctions can have an unintended detrimental impact on an attorney's career and personal well-being." <u>Conn</u>, 967 F.2d at 1421 (citation omitted). Accordingly, I give counsel the benefit of the doubt and decline to impose sanctions or issue a reprimand. I am confident that the preceding analysis adequately advises counsel that <u>Bivens</u>

16    - OPINION AND ORDER

claims similar to those currently alleged would be frivolous and not warranted by existing law.

**C.    The Forest Service's Motion for Preliminary Injunction**

The Forest Service moves for a preliminary injunction requiring Western Radio to either shut down its facilities at Gray Butte or to remove Sureline's equipment. The Forest Service argues that Western Radio lacks authority to remain at Gray Butte and has completely disregarded Forest Service regulations and other site users by allowing Sureline to install equipment and use frequencies that cause interference. Given that Western Radio entered into a lease with Sureline after the commencement of this lawsuit, the Forest Service contends that removal of Sureline's equipment is warranted and maintains the relevant status quo. Alternatively, the Forest Service requests interim injunctive relief requiring Western Radio to provide information about Sureline's equipment at Gray Butte, as well as all frequencies in use. Defs.' Status Report & Response (doc. 114).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the Western Radio is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). At the same time, "[a] preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment."

17    - OPINION AND ORDER

Textile Unlimited, Inc. v. A..BMH and Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).

In order to obtain a preliminary injunction, the movant must show: 1) a likelihood of success on the merits; 2) a likelihood of irreparable harm if the injunction is not issued; 3) the balance of the hardships tips in the movant's favor, and 4) that an injunction is in the public interest. Winter, 555 U.S. at 20. Under the sliding scale approach employed by the Ninth Circuit, a court may issue a preliminary injunction if the movant shows serious questions going to the merits of its claim and that the balance of the hardships tips sharply in its favor. Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013).

The Forest Service argues that it will likely succeed on its trespass counterclaim, because Western Radio is no longer authorized to operate at Gray Butte. The Forest Service explains that Western Radio's lease for the Gray Butte site terminated in 2006, and the parties operated on a yearly basis afterward. AR No. GB_1277, 1280-81. On December 28, 2012, the Forest Service notified Western Radio that its tenancy at Gray Butte was not authorized beyond December 31, 2013. Scott Decl. ¶ 4; AR No. GB_1280-81. Subsequently, Western Radio submitted two proposals to renew the Gray Butte lease. On December 31, 2013, the Forest Service rejected Western Radio's proposals and stated that

18      - OPINION AND ORDER

Western Radio's "hold over status is no longer being tolerated after December 31, 2013." Scott Decl. Ex. A.[2] Thus, the Forest Service argues that Western Radio has no authority to maintain facilities at Gray Butte.

Federal and Oregon courts refer to the Restatement of Torts when considering a trespass claim. See United States v. Milner, 583 F.3d 1174, 1182-83 (9th Cir. 2009); Martin v. Reynolds Metals Co., 221 Or. 86, 101, 342 P.2d 790 (1959). A person is liable for trespass "if he intentionally: (a) enters land in the possession of the other, or causes a thing or a third person to do so, or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove." Restatement (Second) of Torts § 158.

Here, the Forest Service informed Western Radio that its authority to operate at Gray Butte expired on December 31, 2013 and that its facilities must be removed by July 2014.[3]

_____

[2] The Forest Service explained that it would not renew the lease due to: 1) Western Radio's failure to demonstrate the technical and financial capability to operate and maintain the equipment in compliance with applicable terms and conditions; 2) Western Radio's lack of compliance in the Ochoco National Forest; 3) a district court decision finding that Western Radio trespassed and breached its lease at the Walker Mountain Communication site; 4) Oberdorfer's conviction under 36 C.F.R. § 261.10(a) for constructing and maintaining a structure without authorization; and 5) the revocation of Western Radio's lease at the Walker Mountain site. Scott Decl. Ex. A.

[3] Interestingly, on August 20, 2014, Sureline told Oberdorfer that the Forest Service had informed it that Western Radio's "land

19     - OPINION AND ORDER

Nonetheless, Western Radio remains at Gray Butte without authorization, has not removed its facilities, and has allowed a third party to install additional equipment. Further, Western Radio presents no evidence to either dispute the Forest Service's reasons for failing to renew Western Radio's lease or show that such reasons were arbitrary and capricious.

Western Radio does not respond to the Forest Service's arguments regarding the lack of authority to remain at Gray Butte or to lease space to Sureline. Rather, Western Radio contends generally that it has met the requirements associated with its Gray Butte facility, and that there is no harm in maintaining the current "status quo" with respect to Sureline. However, the relevant status quo is the circumstances existing when Western Radio filed suit; i.e. before the installation of Sureline's equipment. See U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010) ("the very purpose" of a preliminary injunction is "merely to preserve the relative positions of the parties until a final judgment issues").

Western Radio also maintains that it was "required" to allow Sureline's equipment pursuant to Western Radio's agreement

---

rights [were] expired up on Gray Butte" and that Sureline was "not allowed to put anything on [Western Radio's] tower." Forest Service Status Rep. & Response (doc. 114), Ex. A at 2. Oberdorfer responded that he "ha[d] not heard this before." Id. Ex. A at 1. Given the Forest Service's letter of December 31, 2013, Oberdorfer's response is disingenuous, at best.

with the Forest Service. Western Radio is patently mistaken.
First, the Forest Service denied Western Radio's proposals to
renew the lease, and no lease terms remained in effect. Even if
the lease terms applied to Western Radio as a holdover tenant,
so to speak, the lease provides that Western Radio is authorized
to rent space and provide other services to customers; the lease
does not "require" Western Radio to do so. Scott Sec. Decl. at
1, Ex. A at 1-2. Furthermore, Western Radio did not provide
other site users with the requisite 30 days' notice of
Sureline's equipment and use of a frequency. See id.

Thus, I find that the Forest Service is likely to succeed
on its claim that Western Radio has no authority to remain at
Gray Butte; or, at minimum, that Western Radio had no authority
to enter into a lease agreement with Sureline.

The Forest Service also argues that it suffers irreparable
harm because Western Radio continues to take unauthorized
actions at Gray Butte, leaving the Forest Service with little
recourse or control over Western Radio's activities. I agree
that the Forest Service suffers intangible and irreparable harm
from Western Radio's continued defiance of agency decisions and
its disregard of the relevant lease and notice requirements.

Similarly, the balance of harms tips in favor of the Forest
Service. Because Western Radio lacks authorization to remain at
Gray Butte or enter into the Sureline lease in the first place,

21    - OPINION AND ORDER

it cannot rely on any hardship it may suffer to refute the propriety of a preliminary injunction. See Swaggerty v. Petersen, 280 Or. 739, 747-48, 572 P.2d 1309 (1977). Any hardship suffered by Western Radio or Sureline arises from their own actions; both parties had notice that Western Radio's authorization to remain at Gray Butte had expired. Finally, the public interest would be served by a preliminary injunction enjoining unauthorized action within public forest lands.

Therefore, I find that the Forest Service has met its burden to support the injunctive relief requested. However, rather than order Western Radio to remove its facilities or Sureline's equipment at this time, I instead order Western Radio to comply with the interim injunctive relief requested by the Forest Service; Western Radio's disclosure of information about Sureline could potentially resolve the alleged interference issues and avoid the necessity of further preliminary relief. If Western Radio fails to comply with interim injunctive relief or takes further unauthorized action at any of its facilities, the court will order Western Radio to show cause why its facilities on Gray Butte should not be removed immediately.

D.   Motion to Compel

The Forest Service also moves for an order compelling the production of certain documents. As the Forest Service indicated

22    - OPINION AND ORDER

Case 6:14-cv-00747-AA   Document 115   Filed 04/17/15   Page 23 of 24

in its reply brief,[4] the parties have reached agreement regarding certain documents. Pursuant to this agreement, Western Radio shall produce documents responsive to amended Requests 1, 3, 5, 7 and 8.

However, the parties disagree with respect to amended Requests 2, 4 and 6. I find the requested documents to be relevant and subject to production. Therefore, Western Radio shall produce unredacted emails in response to Request 2; monthly bank or financial statements from 2013-14 in response to Request 4; and 2013 tax returns for Western Radio and/or Richard Oberdorfer in response to Request 6, subject to a stipulated protective order.

## CONCLUSION AND ORDER

For the reasons above, the individual defendants' Motion to dismiss (doc. 69) is GRANTED, and Western Radio's <u>Bivens</u> claims are dismissed with prejudice. Defendants' Motion for Imposition of Sanctions (doc. 70) is DENIED.

The Forest Service's Motion for Preliminary Injunction (doc. 83) is GRANTED in part and DENIED in part. Within seven (7) days from the date of this order, Western Radio shall

---

[4]Generally, the Local Rules do not permit replies in support of discovery motions without leave of the court. <u>See</u> L.R. 26-3(c). However, the Forest Service's reply served as a status report after attempted mediation and explained the parties' agreement regarding discovery. Therefore, it is allowed.

23    - OPINION AND ORDER

provide defendants' counsel with a detailed inventory of the equipment located at Western Radio's Gray Butte facility. This information shall include a detailed inventory of all Sureline equipment at the site, the date each piece of equipment was installed at the site, and a detailed list of all frequencies currently in use. Failure to comply with this order will result in an order to show cause why Western Radio's equipment at Gray Butte should not be removed.

The Forest Service's Motion to Compel (doc. 81) is GRANTED as set forth above. Western Radio shall provide the documents described above within fourteen (14) days from the date of this order unless otherwise agreed to by the parties.

IT IS SO ORDERED.

Dated this 17th day of April, 2015.

_____
Ann Aiken
United States District Judge